## HERRON v GEE

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided Oct 26, 1931

Gentsch & Lang, Cleveland, for Herron, plaintiff in error.

Harry F. Payer, Cleveland, for Gee, defendant in error.

VICKERY, J.

Several errors are urged as to why this judgment is wrong and should be reversed. One is that the verdict is contrary to, and manifestly against, the weight of the evidence. Another is that the court erred in not taking certain allegations of negligence from the jury which it is claimed there was no evidence to sustain. Another is that there were certain allegations of injuries in the petition and that the court refused to take those from the jury, upon the request of the defendant below, the plaintiff in error here, and another of misconduct of counsel, and various other things that are claimed in the petition in error and in the briefs that were filed to support the petition in error in this action.

As already stated we have gone over this record and have come to the conclusion that the grounds of error are not well taken. First, it cannot be said, after scanning this record that a broken femur in a woman who was in the condition this woman was in, as shown by the record, at the time, and who had to stay in bed with her legs raised so as to unite the bones properly for five or six weeks, and who had to go on crutches for a period of six or seven months, considering the condition that she was in, to-wit, pregnant with child, together with the suffering caused by her injuries as shown in the record, would not entitle her to a verdict of at least two thousand eight hundred and fifty dollars.

Were I the counsel for the plaintiff in error I should hate to have this verdict reversed, for the probabilities are that another jury would return a much larger verdict, and this court has sustained much larger verdicts than this for injuries that were not so severe as the injuries in the instant case.

There were other allegations of injury and there is some evidence to sustain them: to-wit, that she was bruised in the head, bleeding from the nose, and so forth, and bruises of the body and various other injuries complained of. We do not think the court had to particularize and take from the jury everything upon which the defendant below claimed there was no evidence. That could be submitted to the jury under a proper charge which we think the court gave in that respect in this case.

Now the evidence shows that the horn was not sounded. The evidence shows from the results that no lookout was kept or Gee's car could have been seen. The evidence shows that Herron was driving at a high rate of speed and, the fact that the car skidded for a long distance after the brakes had been applied, would itself indicate a high rate of speed and besides there were witnesses who testified as to the speed.

We do not think that the court was called upon to analyze and take from the jury every allegation of negligence which was specified in the petition, if it would properly charge that she could only recover for those acts of negligence which the proof showed that the defendant was guilty of, and that the court did in this case, for we think it very properly covered the matter in its charge.

The question of misconduct is a little more difficult. The claimed misconduct seems to be that the attorney for the plaintiff below, in his cross examination brought into the record the fact that Herron had insurance. An examination of this part of the record would show that it is not as severe as the learned counsel for the plaintiff in error would have one believe. The fact that insurance was injected into the case came from a proper line of cross examination. It was in the examination of Mrs. Buehler who was with her husband riding in the car which was going west and to avoid which car, Gee had to turn short. Mrs. Buehler in the meantime had removed to the city of Indianapolis and she came here to testify and seemed quite interested in the lawsuit. This was shown to such an extent that the attorney for the plaintiff below in the cross examination wanted to test her interest in the lawsuit and asked her many questions which would tend to bring this out and finally asked her how she got in touch with Mr. Gentsch, attorney for the defendant, as no names were taken at the time of the acci-

dent, and then she said it was through an "insurance adjuster." An exception was taken to this, but no motion was made to withdraw a juror and continue the case. They went on to trial. We think the line of examination was perfectly proper as bearing upon the question as to what interest Mrs. Buehler had in this lawsuit that she should come from Indianapolis to testify when she could not have been compelled to do so; and there is nothing in the record to show that the lawyer for the plaintiff below had any ulterior motive in his mind but only to ask what seemed to be proper questions in cross examination, and the fact that it elicited this answer was probably as great if not more of a surprise to him than it could have been for the attorney for the defendant below.

The other error complained of in this respect is that Mr. Buehler was asked upon the witnes sstand what his business was. He said he was an insurance agent. How that can be improper is beyond me to comprehend. True, courts are very loath to permit bringing into the record the question of insurance, but there was nothing in this record to bring that question before the jury other than has been outlined, and we do not think that that was such a grave error as would warrant us in reversing this case, nor do we think that conduct of counsel in this case even savored of misconduct. An examination of this record will show that the objections and the manner in which they were made tended to accentuate the matter rather than otherwise, but that was not the fault of the counsel for plaintiff below.

Now coming to the charge of the court, we think that the court covered all the questions in the lawsuit and covered them very well, and inasmuch as there were no special interrogatories nor special verdict asked for, we think the verdict corresponds to the evidence in the lawsuit.

The question of contributory negligence was not really in the lawsuit for Mrs. Gee was riding with her husband and was not driving the car, and there was nothing to show that anything she could have done would have prevented the accident. On the other hand, it showed that Mr. Herron was driving fast and Mrs. Herron was in the back part of the car in which Herron was driving and I believe she says she was cleaning the back seat in some way so that when her husband's car came in contact with the Gee car striking it head-on on the side, Herron was going so fast that it threw Mrs. Herron from the back part of the car over the front seat, which would indicate that Mr. Herron was driving at a high rate of speed; and it would seem from the location of his car and where the accident occurred that he was on the wrong side of the street; at least, he was farther over than it was necessary for him to be unless the parked cars on the south side of Caine avenue prevented him from driving on the space which eastbound traffic should occupy, but the evidence shows that the street is wide enough so that if cars were parked along the curb, there was plenty of room for him to drive east without getting on the car tracks, and all the evidence from both sides shows that it occurred over beyond the south rail of the street car tracks proper, or perhaps farther north than the tracks.

So from the whole record we cannot see upon what ground this case should be reversed, and inasmuch as the verdict seems to be rather low than otherwise, we do not feel called upon to disturb it for any of the grounds alleged in the petition in error.

The judgment, therefore, will be affirmed.

LEVINE, PJ, and WEYGANDT, J, concur.